**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

United States District Court
Southern District of Texas
**ENTERED**
April 30, 2026
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| **KELVIN DEL VALLE CEQUEA MORENO,** | § § § | |
| **Petitioner,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 5:26-CV-00066** |
| **PERRY GARCIA,** *et al.*, | § § § | |
| **Respondents.** | § | |

## ORDER

Before the Court is the parties' Joint Stipulation of Dismissal Without Prejudice. (Dkt. No. 28). The Stipulation provides that the parties stipulate that the case is dismissed without prejudice. (*Id.* at 1).

Parties in a civil suit may generally dismiss the suit without a court order upon the filing of a stipulation of dismissal "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." *Id.* Here, the parties stipulate that the case is dismissed without prejudice. (Dkt. No. 28 at 1).

Because the stipulation is signed by counsel for all parties who have appeared in this case, Petitioner's claims against Respondents were **DISMISSED WITHOUT PREJUDICE** effective upon the filing of the Stipulation of Dismissal, (Dkt. No. 28). *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 128 F.4th 724, 727 (5th Cir. 2025) (citation modified) (stipulated dismissals under Rule 41(a)(1)(A)(ii) are "effective immediately and render[] subsequent action by the district court superfluous with no force or effect").

The Clerk is hereby **DIRECTED** to terminate the case.

It is so **ORDERED**.

**SIGNED** on April 30, 2026.

John A. Kazen
United States District Judge